EUGENE J. MAY and LOUISE S. MAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
May v. Commissioner
Docket No. 8006-78.
United States Tax Court
T.C. Memo 1981-119; 1981 Tax Ct. Memo LEXIS 625; 41 T.C.M. (CCH) 1097; T.C.M. (RIA) 81119; March 16, 1981. Eugene J. May, pro se. Thomas E. Ritter, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined an $ 11,980.17 deficiency in petitioners' 1974 income tax. The issues for decision are: (1) whether petitioners are entitled to business, rental and itemized expenses in excess of the amounts allowed by respondent; (2) whether petitioners established *626 their basis in a capital asset sold in 1974; and (3) whether petitioners are liable for damages under section 6673 [1] for instituting proceedings before this Court merely for delay. FINDINGS OF FACT Eugene J. May ("May") and Louise S. May resided in Roseville, Michigan, at the time they filed their petition. In 1974 May owned and operated E.J. May Real Estate Company and E.J. May Tax Service, and his principal business activity was that of a tax return preparer. May kept his knowledge current in the tax area by reading publications of the Internal Revenue Service. Petitioners timely filed a joint 1974 income tax return. On the first page of hat return petitioners typed the following statement: This return is submitted subject to the following reservations and conditions: That the burden or proof is upon the United States [sic] That the mathematical digits inserted herein are only representative of Federal Reserve evidences of debt and not statutory money; That any and all declarations made herein are made without waiver of 4th and 5th amendment rights, anything *627 contained herin [sic], heron [sic], or hereafter, to the contrary not withstanding [sic]. On September 16, 1976, Elaine Schmidt, an Internal Revenue agent, mailed an appointment letter to petitioners regarding, interalia, an audit of their 1974 income tax return. As a result of this letter petitioners met with Schmidt on September 29, 1976, but failed to furnish any documentation concerning their 1974 taxes. On November 26, 1976, a summons was issued to petitioners directing them to appear before Schmidt on December 21, 1976, and to bring with them all of their books and records relating to 1974. In December 1976 petitioners met with Schmidt and indicated that they would comply with the summons, but petitioners requested that Schmidt review their records at May's office due to the volume of the records. On January 12, 1977, Schmidt and another agent went to the office but were not shown any books or records. Respondent then sought enforcement of the summons from the United States District Court for the Eastern District of Michigan. On August 20, 1977, the District Court ordered May to appear before it on September 26, 1977, to show cause why he should not be *628 compelled to comply with the summons. May failed to appear and the District Court ordered May arrested, and May was arrested. The District Court ordered May to appear before it on November 14, 1977, to show cause why he should not be held in contempt of court and compelled to comply with the summons. At a hearing held on November 14, 1977, the Court found May in criminal contempt and ordered May to comply with the summons on or before November 21, 1977. May requested a stay of the District Court's order from the Sixth Circuit which request was denied. On November 22, 1977, petitioners appeared before the District Court and, under threat of incarceration of her husband, Mrs. May turned certain documents over to the government. These documents, however, were scattered records (including some checks and monthly bank statements) and were inadequate to permit Schmidt to complete an audit. Mrs. May indicated, however, that she would attempt to deliver additional documentation necessary to complete the audit. Based on Mrs. May's representations, respondent sought no further action from the District Court. In December 1977, Mrs. May wrote Schmidt a letter stating that the state of *629 Michigan had all the requested books and records. Schmidt then contacted the state authorities and reviewed the documents they held. The only documents held by the state which were relevant to petitioners' income tax were some real estate tax receipts. On April 10, 1978, respondent mailed his notice of deficiency to petitioners in which he disallowed certain business expenses, rental expenses and itemized deductions because petitioners failed to show that the claimed deductions were expended for the purposes designated or were otherwise deductible under the Internal Revenue Code. Respondent did allow petitioners a deduction for the real estate taxes for which he had seen receipts. Respondent also increased petitioners' gain on the sale of a capital asset because of their failure to establish any adjusted basis in the asset sold. Finally, respondent allowed petitioners a $ 2,000 standard deduction and increased their self-employment tax to reflect the increase in their self-employment income. In their petition, petitioners raise a plethora of constitutional and statutory arguments and affirmative defenses, and a claim for a $ 5,000,000 judgment against respondent and his *630 agents under section 7214. The petition does not allege any facts supporting any of petitioners' claims or allegations of errors. [2] Following the filing of the petition, this case was assigned to an appeals officer in the Appellate Division of the Internal Revenue Service for purposes of settlement. After several attempts to meet with petitioners proved unsuccessful, this case was forwarded to District Counsel for trial preparation. On April 20, 1979, this Court granted respondent leave to file an amended answer. Respondent filed an amended answer in which he requested damages under section 6673. On May 3, 1979, respondent served upon petitioners a Request for Production of Documents pursuant to Rule 72, Tax Court Rules of Practice and Procedure. Petitioners failed to comply. On October 4, 1979, respondent filed a Motion to Compel Compliance with Respondent's Request for Production of Documents. At a hearing held on November 7, 1979, this Court granted respondent's motion and directed petitioners to produce the *631 requested documents or show cause at the call of calendar of this Court to be held on January 15, 1980, in Detroit, Michigan, why sanctions should not be imposed under Rule 104(c), Tax Court Rules of Practice and Procedure. Petitioners failed to produce any documents pursuant to this Court's order, and at the call of calendar on January 15, 1980, failed to show cause why sanctions under Rule 104(c) should not be imposed. Accordingly, at the commencement of trial sanctions were imposed precluding petitioners from introducing any documents not previously produced under the motion to produce. Trial of this case took place on January 15, 1980. At trial May, acting pro se, failed to present any evidence bearing on respondent's deficiency calculation despite repeated requests to do so. Instead, May chose to rely solely on various constitutional arguments. OPINION The first issues are whether petitioners are entitled to business, rental and itemized expenses in excess of the amounts allowed by respondent, and whether petitioners established their basis in a capital asset sold in 1974. Respondent's deficiency notice is based almost entirely on petitioners' failure to substantiate *632 claimed deductions and adjusted basis. These issues are all factual, and the burden of proof is on petitioners. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioners have failed to carry their burden of proof. In fact, petitioners did not present any evidence or specific details which would support any of the disallowed deductions or the adjusted basis. Rather, petitioners chose to rely solely on various constitutional contentions. The multitude of constitutional and statutory arguments and affirmative defenses advanced by petitioners are frivolous and without merit. Wilkinson v. Commissioner,71 T.C. 633, 637-639 (1979). All such contentions have been fully considered by this and other courts and decided adversely to the taxpayers. [3] We see no reason to reiterate the well established principles of those cases. I addition, this Court lacks jurisdiction to award punitive damages to petitioners of $ 5,000,000 under section 7214. French v. Commissioner,T.C. Memo. 1981-9 (1981); sec. 7442. Accordingly, respondent's deficiency calculation is sustained. *633 The next issue is whether petitioners are liable for damages under section 6673 for instituting proceedings before this Court merely for delay. Section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have have instituted by the taxpayer merely for delay, damages in an amount not in excess of $ 500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. In light of May's tactics of delay and his consistent refusal to address the merits, we hereby award damages to the United States. In the present case, May repeatedly refused to produce his records to respondent. His primary business activity was that of a tax preparer. He testified that he kept up with developments in the tax law area by reading the "information" distributed by the Internal Revenue Service. We can only conclude from this testimony that May was aware of his obligation to produce his books and records, the voluminous number of cases holding that his statutory and constitutional arguments *634 were frivolous and meritless, and the possibility of having damages awarded under section 6673. Nevertheless, in spite of May's knowledge he steadfastly refused to produce any of the books and records necessary for respondent's agents to conduct an audit and he deliberately ignored a District Court order requiring him to do so. He filed his petition in the present case without making any allegations of error or assertions of facts which, if proven, would affect respondent's deficiency calculation, but rather chose to rely on statutory and constitutional assertions he must have known to be patently frivolous. During pretrial proceedings he again refused to produce any documents requested by respondent and deliberately ignored an order of this Court to produce documents. At trial he failed to introduce any testimony or evidence bearing on respondent's deficiency calculation.We are convinced that May's course of conduct, both before he filed his petition in this Court and afterwards, indicates that he filed his petition with the intent to delay paying his taxes. We therefore award damages of $ 500 to the United States for the reasons stated in Wilkinson v. Commissioner,supra at 643:
*635 When he costs incurred by this Court and respondent are considered, the maximum damages authorized by law ($ 500) do not begin to indemnify the United States for the expenses which petitioner's frivolous position has occasioned. Finally, considering the waste of limited judicial and administrative resources caused by petitioner's contumacious actions, even the maximum damages authorized by Congress are wholly inadequate to compensate the United States and other taxpayers. These costs must eventually be borne by all of the citizens who honestly and fairly participate in our tax collection system. An appropriate order and a decision for the respondent will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. We note that petitions of this type may be ripe for summary judgment. See e.g.,French v. Commissioner,T.C. Memo. 1981-9↩ (1981).
3. See the cases cited in Bowser v. Commissioner,T.C. Memo. 1980-483 (1980); Hergott v. Commissioner,T.C. Memo. 1980-283 (1980); Brobeck v. Commissioner,T.C. Memo. 1980-239↩ (1980).